UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KIM A.W.S., | ) | NO. CV 18-6415-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, DEPUTY COMMISSIONER FOR OPERATIONS, SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on July 25, 2018, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on August 20, 2018. Plaintiff filed a motion for summary judgment on January 11, 2019. Defendant filed a motion for summary judgment on February 11, 2019. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed July 30, 2018.

///
///

**BACKGROUND**

In 2008, when Plaintiff was working in retail sales, Plaintiff injured her left knee, and perhaps also her back, when she jumped down three or four feet from a stuck elevator (Administrative Record ("A.R.") 262)). Plaintiff apparently resumed working part time in retail sales in March of 2009, but "did not engage in any substantial gainful activity" after January 24, 2010, and was fired in October of 2010 (A.R. 49-50, 66, 141, 149). In 2011 and 2012, Plaintiff sought other retail jobs without success (A.R. 64-65, 238, 240, 258-59).

In 2015, Plaintiff filed an application for disability insurance benefits, alleging she had been disabled since January 24, 2010 (A.R. 136). Plaintiff's last insured date was December 31, 2014 (A.R. 49, 61).

An Administrative Law Judge ("ALJ") reviewed the record and heard testimony from Plaintiff and a vocational expert (A.R. 47-389). The ALJ found that, prior to December 31, 2014, Plaintiff had severe "chronic low back pain [and] status post left knee arthroscopic surgery," but retained the residual functional capacity to perform certain light work, including Plaintiff's past relevant work as generally performed (A.R. 49-53; see also A.R. 74-75 (vocational expert's testimony, which the ALJ adopted)). The Appeals Council denied review (A.R. 1-3).

///
///
///
///

1          **STANDARD OF REVIEW**

3     Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

///
///
///
///

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error. Plaintiff's contrary arguments are unavailing.

**I. Substantial Evidence Supports the Conclusion Plaintiff Could Work Prior to December 31, 2014.**

A social security claimant bears the burden of "showing that a physical or mental impairment prevents [her] from engaging in any of [her] previous occupations." Sanchez v. Secretary, 812 F.2d 509, 511 (9th Cir. 1987); accord Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff must prove her impairments prevented her from working for twelve continuous months. See Krumpelman v. Heckler, 767 F.2d 586, 589 (9th Cir. 1985), cert. denied, 475 U.S. 1025 (1986). Plaintiff also must prove that she became disabled prior to the expiration of her insured status. See 42 U.S.C. § 416(i)(2)(C), 416(i)(3)(A); 20 C.F.R. 404.131; see also Vertigan v. Halter, 260 F.3d 1044, 1047 (9th Cir. 2001); Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1458 (9th Cir. 1995) (where claimants apply for benefits after the expiration of their insured status based on a current disability, the claimants "must show that the current

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

disability has existed continuously since some time on or before the date their insured status lapsed").

Substantial evidence supports the conclusion that Plaintiff failed to carry her burden in this case. The Administrative Record contains relevant evidence that "a reasonable mind might accept as adequate to support [the] conclusion" that Plaintiff was not disabled prior to December 31, 2014. See Richardson v. Perales, 402 U.S. at 401 (9th Cir. 2006).

Dr. Phillip A. Sobol, a treating orthopedic surgeon, opined that Plaintiff could have stayed on her feet for seven hours during an eight hour work day (A.R. 271). Dr. Sobol believed Plaintiff to have been precluded from only heavy lifting and certain postural activities (A.R. 270-71). The functional capacity Dr. Sobol believed Plaintiff possessed considerably exceeded the capacity claimed by Plaintiff and was very similar to (although not identical with) the capacity the ALJ found to have existed (A.R. 50, 68-70, 270-71). A treating physician's opinion "is generally afforded the greatest weight in disability cases. . . ." Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 1991).

Dr. Azizollah Karamlou, a consultative examining internist, opined that Plaintiff retained essentially the same residual functional capacity the ALJ found to have existed (A.R. 325-26). This opinion furnishes substantial evidence supporting the conclusion Plaintiff could work. See Orn v. Astrue, 495 F.3d 625, 631-32 (9th Cir. 2007) (examining physician's opinion based on independent

clinical findings constitutes substantial evidence to support a non-disability determination); Tonapetyan v. Halter, 242 F.3d at 1149 (same).

Non-examining state agency physicians also opined Plaintiff had a residual functional capacity essentially equivalent to the capacity the ALJ found to have existed (A.R. 82-87). These non-examining physicians' opinions lend additional support to the ALJ's findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (where the opinions of non-examining physicians do not contradict "all other evidence in the record" an ALJ properly may rely on these opinions); Curry v. Sullivan, 925 F.2d 1127, 1130 n.2 (9th Cir. 1990).

The vocational expert testified that a person with the residual functional capacity the ALJ found to have existed could perform Plaintiff's past relevant work as generally performed (A.R. 74-75). This testimony furnishes substantial evidence that there existed significant numbers of jobs Plaintiff could have performed. See Barker v. Secretary, 882 F.2d 1474, 1478-80 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986); see generally Johnson v. Shalala, 60 F.3d 1428, 1435-36 (9th Cir. 1995) (ALJ properly may rely on vocational expert to identify jobs claimant can perform); 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1520, 416.920; see also Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002) (a claimant is not disabled if she can perform her past relevant work as she actually performed it or as such work is generally performed).
///
///

To the extent the evidence of record is conflicting, the ALJ properly resolved the conflicts. See Treichler v. Commissioner, 775 F.3d 1090, 1098 (9th Cir. 2014) (court "leaves it to the ALJ" to resolve conflicts and ambiguities in the record). The Court must uphold the administrative decision when the evidence "is susceptible to more than one rational interpretation." Andrews v. Shalala, 53 F.3d at 1039-40. The Court will uphold the ALJ's rational interpretation of the evidence in the present case notwithstanding any conflicts in the record.

**II. The ALJ did not Materially Err in Discounting Plaintiff's Subjective Complaints.**

Plaintiff testified to subjective pain of allegedly disabling severity (A.R. 63-64, 68-70). For example, she described her back pains as "constant," "stabbing, sharp pains" from "top to bottom" (A.R. 63). Plaintiff challenges the legal sufficiency of the ALJ's stated reasons for discounting Plaintiff's subjective complaints. The Court discerns no material error.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Where, as here, an ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings. See Berry v. Astrue, 622 F.3d 1228, 1234

(9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of "malingering").[2] An ALJ's credibility finding "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling ("SSR") 96-7p (explaining how to assess a claimant's credibility), superseded, SSR 16-3p (eff. Mar. 28, 2016).[3] As discussed below, the ALJ stated sufficient reasons for finding Plaintiff's subjective complaints less than fully credible.

///
///

---

[2] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Leon v. Berryhill, 880 F.3d 1041, 1046 (9th Cir. 2017); Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015); Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Treichler v. Commissioner, 775 F.3d at 1102; Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); Garrison v. Colvin, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

[3] The appropriate analysis under the superseding SSR is substantially the same as the analysis under the superseded SSR. See R.P. v. Colvin, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016) (stating that SSR 16-3p "implemented a change in diction rather than substance") (citations omitted); see also Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (suggesting that SSR 16-3p "makes clear what our precedent already required").

The ALJ stressed that, in numerous respects, the objective medical evidence failed to support the claimed severity of Plaintiff's subjective symptoms (A.R. 51-53). An ALJ permissibly may rely in part on a lack of supporting objective medical evidence in discounting a claimant's allegations of disabling symptomology. See Burch v. Barnhart, 400 F.3d 676, 681 (2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider in his [or her] credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (same); see also Carmickle v. Commissioner, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony"); Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008) (subjective knee pain properly discounted where laboratory tests showed knee function within normal limits); SSR 16-3p ("[O]bjective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms, including the effects those symptoms may have on the ability to perform work-related activities . . ."). Although inconsistencies between subjective symptom complaints and objective medical evidence cannot be the sole basis for discounting a claimant's complaints, Burch v. Barnhart, 400 F.3d at 681, the ALJ did not discount Plaintiff's complaints solely on the basis that the complaints were inconsistent with the objective medical evidence.

As the ALJ also pointed out, there were lengthy periods of time during which Plaintiff sought no medical treatment for her allegedly disabling pain (A.R. 51-52). An unexplained failure to seek frequent

medical treatment may discredit a claimant's allegations of disabling symptoms. See Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); Burch v. Barnhart, 400 F.3d at 681; Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Johnson v. Shalala, 60 F.3d at 1434; accord Bunnel v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); Fair v. Bowen, 885 F.2d 597, 603-604 (9th Cir. 1989); see also Chavez v. Department of Health and Human Serv., 103 F.3d 849, 853 (9th Cir. 1996) (failure to seek "further treatment" for back injury among specific findings justifying rejection of claimant's excess pain testimony).[4]

The ALJ also noted that, on numerous occasions before and during the period of alleged disability, Plaintiff had declined refills of prescription pain medication (A.R. 52, 218, 226, 235, 244, 245). Noncompliance with prescribed or recommended treatment can properly suggest that a claimant's symptoms have not been as severe as the claimant has asserted. See Fair v. Bowen, 885 F.2d at 603 (unexplained or inadequately explained failure to follow prescribed course of treatment can cast doubt on claimant's credibility); see also Molina v. Astrue, 674 F.3d at 1113 ("We have long held that, in assessing a claimant's credibility the ALJ may properly rely on unexplained or inadequately explained failure . . . to follow a

---

[4] Plaintiff attempted to explain the paucity of her treatment by saying she had been busy taking her mother and daughter to medical appointments and by saying that she had lacked insurance or Medi-Cal coverage during some periods of time (A.R. 62-63). The ALJ was not required to accept this explanation, however. See, e.g., Gutierrez v. Astrue, 2012 WL 1903433, at *9 (C.D. Cal. May 25, 2012). When asked whether she had tried "to seek low-cost or free clinics" in 2014, Plaintiff claimed not to recall (A.R. 63).

prescribed course of treatment") (citations and quotations omitted); SSR 16-3p ("if the individual fails to follow prescribed treatment that might improve symptoms, we may find that the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record"); Rouse v. Berryhill, 2017 WL 4404402, at *16 (D.S.C. July 6, 2017), rejected on other grounds, 2017 WL 4348560 (D.S.C. Sept. 29, 2017) (court upheld ALJ's discounting of the plaintiff's testimony concerning back pain, stating, inter alia, "while pain medication was prescribed, the plaintiff declined refills, indicating her pain may not have been as severe as alleged").

The ALJ also noted that Plaintiff sought employment during the period of alleged disability (A.R. 53). The ALJ properly could consider the fact that Plaintiff held herself out as able to work in 2011 and 2012, years during which she now says she was unable to work. See Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988) (upholding ALJ's rejection of claimant's credibility where claimant had accepted unemployment insurance benefits "apparently considering himself capable of work and holding himself out as available for work"); Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (fact that a claimant has sought out employment weighs against a finding of disability); see also Ghanim v. Colvin, 763 F.3d at 1165 ("continued receipt" of unemployment benefits can cast doubt on a claim of disability); but see Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005) ("That Webb sought employment suggests no more than that he was doing his utmost, in spite of his health, to support himself").

///

1    To the extent one or more of the ALJ's stated reasons for
2  discounting Plaintiff's credibility may have been invalid, the Court
3  nevertheless would uphold the ALJ's credibility determination under
4  the circumstances presented. See Carmickle v. Commissioner, 533 F.3d
5  at 1162-63 (despite the invalidity of one or more of an ALJ's stated
6  reasons, a court properly may uphold the ALJ's credibility
7  determination where sufficient valid reasons have been stated).  In
8  the present case, the ALJ stated sufficient valid reasons to allow
9  this Court to conclude that the ALJ discounted Plaintiff's credibility
10 on permissible grounds. See Moisa v. Barnhart, 367 F.3d at 885.  The
11 Court therefore defers to the ALJ's credibility determination. See
12 Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will
13 defer to Administration's credibility determination when the proper
14 process is used and proper reasons for the decision are provided);
15 accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453,
16 1464 (9th Cir. 1995).[5]
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///

---

[5] The Court need not and does not determine whether Plaintiff's subjective complaints are credible. Some evidence suggests that those complaints may be credible. However, it is for the Administration, and not this Court, to evaluate the credibility of witnesses. See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).

**CONCLUSION**

For all of the foregoing reasons,[6] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 14, 2019.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).